UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MORIBA KALI RAMSEY, | ) | Case No. 1:09CV0719 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | (Magistrate Judge McHargh) |
| RICHARD GANSHEIMER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Moriba Kali Ramsey ("Ramsey") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2006 convictions in the Lorain County (Ohio) Court of Common Pleas for trafficking and possession of drugs. (Doc. 1.)

In his amended habeas petition, Ramsey raises seven grounds for relief:

1. The trial court erred when it denied Mr. Ramsey's motion to suppress evidence obtained as a result of unreasonable searches and seizure in violation of the 4th and 14th amendment to the United States Constitution where no probable cause exists.

2. Petitioner was denied due process and equal protection under the 5th, 6th and 14th amend. To the United States Constitution where intentional racial discrimination occurred in the grand jury selection process.

> 3. Denied effective assistance of trial and appellate counsel.
>
> 4. The indictment omitted the essential element of the offense charged.
>
> 5. Petitioner was denied Due Process of Law and Equal Protection where the state court of appeals failed to independently under plain error consider on the face of the record whether the trial court lack [sic] subject-matter jurisdiction to accept petitioner's "no contest plea" in violation of the 5th and 6th Amend. of U.S. Constitution.
>
> 6. Petitioner was denied his statutory and constitutional right to speedy trial in violation of the 6th and 14th Amendment of the United States Constitution where trial counsel failed to raise speedy trial claims.
>
> 7. Petitioner's sentence is contrary to law in violation of the 5th, 6th and 14th Amendments of the United States Constitution.

(Doc. 1, at § 12.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> On April 1, 2004 at approximately 11:00 a.m., Ohio State Trooper Mark Neff was patrolling the Ohio Turnpike in Lorain County. Amidst the heavy snow that began to fall, Trooper Neff observed a black vehicle traveling eastbound on the Turnpike. The vehicle's headlights were not on, and the vehicle itself had two forms of registration. From his position, Trooper Neff was not able to clearly see either registration. The vehicle's tinted windows prevented him from seeing the registration in the back window. Additionally, the vehicle's license plate holder blocked a portion of the second registration from view.
>
> Trooper Neff stopped the vehicle and asked the driver to exit while the two other passengers remained in the vehicle. He then asked the driver for his license, registration, and insurance. The driver, James Williams, was unable to produce any of these items. Williams told

Trooper Neff that the car belonged to the front seat passenger's girlfriend. Williams also told Trooper Neff that he and the other passengers were returning from a trip to Michigan, where they had used the car for a week. Trooper Neff placed Williams in the back of his vehicle and asked dispatch to perform a check on Williams to see if he had a driver's license or any outstanding warrants. Although Williams did not have any warrants, dispatch was unable to find a valid driver's license for Williams in Ohio, Pennsylvania, or Michigan.

Trooper Neff walked back to the vehicle to converse with the front seat passenger, Moriba Ramsey. Ramsey told Trooper Neff that the vehicle actually belonged to his aunt, but he could not produce proof of this ownership. Ramsey also told Trooper Neff that the trip to Michigan had taken "a day or two." Suspecting that the vehicle might be stolen and involved in drug activity, Trooper Neff called for Trooper Robert Farabaugh and his drug dog Caesar. While waiting for Trooper Farabaugh, Trooper Neff had one of the passengers drive the vehicle to a Turnpike maintenance facility, which was approximately a quarter-mile away. He did so to get the vehicle off the brim of the highway and to make room for Caesar's exterior sniff.

Trooper Farabaugh arrived at the maintenance facility approximately twelve minutes after Trooper Neff's initial stop. At this point, Trooper Neff still had not determined whether Williams had a valid license or whether the vehicle's owner had given him permission to use the car. Trooper Neff conducted a pat down on Williams and found a small amount of marijuana. Trooper Farabaugh then directed Caesar to perform an exterior sniff of the vehicle, and Caesar alerted him to the presence of contraband. Trooper Neff searched the vehicle and found marijuana under the passenger's seat. He also found marijuana and more than 1,100 grams of crack cocaine in the vehicle's trunk.
On August 4, 2004, the grand jury indicted Ramsey of the following offenses: (1) possession of marijuana, a fifth degree felony pursuant to R.C. 2925.11(A); (2) possession of cocaine, a first degree felony pursuant to R.C. 2925.11(A); (3) trafficking in cocaine, a first degree felony pursuant to R.C. 2925.03(A)(2); (4) possession of cocaine, a fifth degree felony pursuant to R.C. 2925.11(A); and (5) trafficking in marijuana, a fourth degree felony pursuant to R.C. 2925.03(A)(2).

On October 17, 2006, Ramsey filed a motion to suppress, which challenged the basis for Trooper Neff's stop. Williams, Ramsey's co-defendant, also filed a motion to suppress on the same issue. On February 7, 2006, the trial court held a joint hearing on the motions

and ultimately denied them. Subsequently, Ramsey entered a no
contest plea as to all five offenses. The trial court accepted his plea,
found him guilty, and sentenced him to a total of ten years in prison.

(Doc. 6, RX 13, at 1-4; State v. Ramsey, No. 06CA009074, 2007 WL 4374416, at *1-*2 (Ohio Ct. App. Dec. 17, 2007).)

### A.  Direct Appeal

Ramsey filed a timely appeal of his conviction, raising a single assignment of error:

> The trial court erred when it denied Mr. Ramsey's motion to suppress
> evidence obtained as the result of an unreasonable seizure and search,
> in violation of the Fourth Amendment of the United States
> Constitution, and Article I, Section 14 of the Ohio Constitution.

(Doc. 6, RX 9.)  After the trial court corrected its sentencing entry to reflect that Ramsey entered a plea of no contest (doc. 6, RX 11-12), the court of appeals affirmed Ramsey's conviction on Dec. 17, 2007.  (Doc. 6, RX 13; State v. Ramsey, No. 06CA009074, 2007 WL 4374416 (Ohio Ct. App. Dec. 17, 2007).)

Ramsey did not file a timely appeal to the Supreme Court of Ohio, but on Feb. 26, 2008, he filed a notice of appeal, along with a motion for leave to file a delayed appeal.  (Doc. 6, RX 14-15.)  On Apr. 9, 2008, the court denied his motion for delayed appeal and dismissed the case.  (Doc. 6, RX 16; State v. Ramsey, 117 Ohio St.3d 1457, 884 N.E.2d 66 (2008).)

### B.  Application for Reopening

Ramsey filed an application pro se for reopening pursuant to Ohio App.R. 26(B) on March 17, 2008, raising the following claims, verbatim:

4

> 1. This court erred in failing to independently review under plain error standard whether the trial court have subject matter jurisdiction to accept Apellant's "No Contest" plea. Where it is obviously on the record that Apellant was constructively denied effective assistance of trial counsel premised upon cumulative errors, denial of representation at trial and Appellate counsel in failing to raise on appeal substantial issue of constructive denial of trial counsel.
>
> 2. The indictment is a product of racial discrimination in the Grand Jury selection and trial and Appellate's counsel refusal to address this issue constituted back-to-back of assistance of counsel. Appellant was an innocent man. He was denied due process of law.

(Doc. 6, RX 17.) The court of appeals denied his application as untimely. (Doc. 6, RX 18.) Ramsey did not appeal this decision.

### C. Petition for Post-Conviction Relief

On Apr. 21, 2008, Ramsey filed a petition pro se for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21. The petition was based on the following claims:

> 1. Evidence de hors the record shows that petitioner was innocent of the crime in which he was cajoled to enter a guilty plea.
>
> 2. The indictment is a product of double jeopardy in violation of the Sixth Amendment to the Unites States Constitution.
>
> 3. Failure of defense counsel to challenge unconstitutional major drug offender's specification.
>
> 4. Failure to challenge 6th and 14th Amendment speedy trial violation.

5

(Doc. 6, RX 19.) The trial court denied his petition. (Doc. 6, RX 20.) The court also denied Ramsey's motion for reconsideration. (Doc. 6, RX 21-22.) Ramsey did not appeal further.

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Ramsey has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that the claims of the petition have been procedurally defaulted. (Doc. 6, at 8-14.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991);

Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

  Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting

8

Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

### A.  Denial of Motion to Suppress

The respondent contends that, although Ramsey raised the claim concerning the denial of his motion to suppress in the court of appeals, he failed to fairly present that claim to the Ohio Supreme Court for review. (Doc. 6, at 9-10.)

The record shows that the state high court denied his motion for delayed appeal. (Doc. 6, RX 16; State v. Ramsey, 117 Ohio St.3d 1457, 884 N.E.2d 66 (2008).) The Ohio Supreme Court's denial of a motion for leave to file a delayed

appeal is a procedural ruling sufficient to bar habeas review.  Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 431-432 (6th Cir. 2006) (appellant failed to comply with Ohio Supreme Court Rules by not filing appeal within period set forth by those rules); Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004).  Such a procedural default is "an adequate and independent ground on which the state can rely to foreclose review of his federal constitutional claims."  Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

When a petitioner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Bonilla, 370 F.3d at 497; Buell, 274 F.3d at 348.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Ramsey does not demonstrate cause for his failure to file a timely appeal.  See generally doc. 10, at 1-5.  Because Ramsey has not shown cause, it is unnecessary to consider the issue of prejudice.  Murray, 477 U.S. at 494; Shabazz, 1998 WL 384559, at *1.  Absent a showing of cause and prejudice to excuse the

procedural default, the court will not review the merits of the claim. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002).

Thus, the first claim has been procedurally defaulted. Rust, 17 F.3d at 160 (highest court in state must be given full and fair opportunity to rule on claims).

### B.  Ineffective Assistance of Appellate Counsel

The respondent argues that the third ground, claiming ineffective assistance of appellate counsel, and the second and fifth grounds, to the extent they involve ineffective assistance of appellate counsel, were procedurally defaulted. (Doc. 6, at 11-12.)

Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals. Monzo v. Edwards, 281 F.3d 568, 577 (6th Cir. 2002) (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).

Ramsey's Rule 26(B) application was rejected by the state court of appeals as untimely. (Doc. 6, RX 18.) Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Ramsey's claim, and the state court found that Ramsey failed to comply with the timely-filing provision. The state court enforced the procedural sanction by denying his application for reopening. The Sixth Circuit has found that

this is an adequate state procedural ground. Smith, 463 F.3d at 436 n.7; Monzo, 281 F.3d at 577-578.

Ramsey does not demonstrate cause for his failure to file a timely application. See generally doc. 10, at 11-13. Because Ramsey has not shown cause, it is unnecessary to consider the issue of prejudice. Murray, 477 U.S. at 494; Shabazz, 1998 WL 384559, at *1. Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim(s). Lott, 261 F.3d at 611-612.

Thus, the ineffective assistance of appellate counsel claim(s) have been procedurally defaulted.

### C. Remaining Claims

The respondent argues that the remaining claims have been procedurally defaulted because they were not raised on direct appeal, and are barred by the Ohio rule of res judicata.

Ramsey did not raise his other claims before the Ohio Court of Appeals on direct appeal. See generally doc. 6, RX 9. Because the claims were not raised, they are barred by the Ohio rule of res judicata. Lott, 261 F.3d at 611-612; Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Res judicata would bar Ramsey from litigating an issue that could have been raised on direct appeal. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108. The Ohio Supreme Court has ruled that arguments that could have been raised in an initial

appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata. State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).

Although Ramsey attempted to raise several of his habeas claims in his petition for post-conviction relief, the state court denied his untimely petition. (Doc. 6, RX 20.) If a post-conviction relief petition is filed beyond the 180-day time limitation, Section 2953.23(A) precludes the trial court from entertaining the petition, except in the cases of two exceptions which do not apply to Ramsey's petition. Ohio Rev. Code § 2953.21(A). In addition, "Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars their litigation in subsequent state proceedings." Lundgren v. Mitchell, 440 F.3d 754, 765 (6th Cir. 2006) (quoting Seymour v. Walker, 224 F.3d 542, 555 (6th Cir. 2000), cert. denied, 532 U.S. 989 (2001).)

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).

13

Ramsey does not demonstrate cause for his failure to file a timely appeal on any of these issues.  See generally doc. 10.  Although ineffective assistance of counsel could serve as cause to overcome procedural default, Smith, 463 F.3d at 432 (citing Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)), Ramsey has procedurally defaulted that claim, as discussed earlier.  An ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000).

For the reasons already outlined above, these claims have been procedurally defaulted.

## IV.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Ramsey has procedurally defaulted his claim concerning the denial of his motion to suppress, because he failed to present that claim to the Ohio Supreme Court for review.  His other claims have been procedurally defaulted because they were not presented to the state court of appeals on direct appeal, and are now barred by res judicata.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:   Oct. 22, 2010              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).