UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MORIBA KALI RAMSEY, | ) | CASE NO. 1:09CV0719 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| | ) | **ORDER AND DECISION** |
| RICHARD GANSHEIMER, Warden, | ) ) | |
| Respondent. | ) ) | |

This matter appears before the Court on Petitioner Moriba Kali Ramsey's objections to the Magistrate Judge's Report and Recommendation, which were filed on October 22, 2010. (Doc. 19). For the following reasons, Ramsey's objections are DENIED. This Court finds that Ramsey's claims have been procedurally defaulted, and therefore ADOPTS the Magistrate Judge's Report. (Doc. 19).

The Report adequately states the factual background and procedural history of this matter. Ramsey has demonstrated no error in that background and history, so the Court will not reiterate those sections herein.

Additionally, the Court notes that Ramsey's objections are often little more than an attempt to reargue his petition and traverse. The objections rarely even attempt to identify error in the Report. Instead, Ramsey reargues the underlying merits of his petition. However, the Court has liberally construed the objections and therefore addresses them as detailed below.

**I.      STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's report and recommendation this Court must perform a *de novo* review of "those portions of the report or specified proposed

findings or recommendations to which objections is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

## II. LAW AND ANALYSIS

### A. Exhaustion Requirement

28 U.S.C. §2254 lays forth the requirements for a state prisoner filing a writ of habeas corpus. The statute states, in part, that:

> **(b) (1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted unless* it appears that—
>     **(A)** the applicant *has exhausted the remedies available in the courts of the State*; or
>     **(B)**     **(i)** there is an absence of available State corrective process; or
>              **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. §2254(b) (emphasis added). 28 U.S.C. §2254(b)(1)(A) is commonly referred to as the exhaustion requirement. A petitioner filing a writ of habeas corpus must show that he has followed the state's appellate rules, thereby giving the state an opportunity to review and correct the alleged error. "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide the necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

If a petitioner fails to follow the state's ordinary appellate procedures, the alleged error may be procedurally defaulted and prohibited from review by a federal court. To determine if a claim is procedurally defaulted the Court must: (1) "determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule," (2) "decide whether the state court actually enforced the state procedural sanction," (3)

"decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim," and (4) determine whether a petitioner has demonstrated "that there was cause for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted).

Accordingly, to prevent his claims from being procedurally defaulted, Ramsey must have raised his claims at the first and every available opportunity in the state court system. If Ramsey failed to do so, he must show cause and prejudice for his default. Each of Ramsey's claims are reviewed below.

### B. Ramsey's Claims

**GROUND ONE: The trial court erred when it denied Mr. Ramsey's motion to suppress evidence as a result of unreasonable searches and seizure in violation of the 4th and 14th amendment [sic] to the United States Constitution where no probable cause exists.**

Ramsey properly raised this issue on direct appeal with the Ninth District Court of Appeals. However, Ramsey failed to timely appeal this issue to the Ohio Supreme Court. Because Ramsey failed to do so, this claim is procedurally defaulted, and cannot be reviewed in a writ of habeas corpus unless Ramsey demonstrates cause and prejudice.

Ramsey argues that his appellate attorney failed to notify him of the appeals court's decision and this caused his failure to file an appeal with the Ohio Supreme Court within the required time. Even if this Court were to accept this as good cause, Ramsey fails to set forth any showing of prejudice.

Further, assuming arguendo that this claim is not procedurally defaulted, Ramsey may not raise this issue in a writ of habeas corpus. A Fourth Amendment claim is generally not cognizable in habeas corpus. "[W]here the State has provided an opportunity for full and fair

3

litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 495 (1976).

Ramsey had a suppression hearing in the trial court and timely raised the issue on direct appeal. Ramsey was, therefore, provided an opportunity for full and fair litigation of the Fourth Amendment claim. Thus, this Court may not review Ramsey's Fourth Amendment claim in his writ for habeas corpus.

**GROUND THREE: Denied effective assistance of trial and appellate counsel.**

Ramsey's first opportunity to raise the claim of ineffective assistance of trial counsel was on direct appeal with the Ninth District Court of Appeals. Because Ramsey failed to do so, this claim is procedurally defaulted and cannot be reviewed in a writ of habeas corpus unless Ramsey demonstrates cause and prejudice. Ramsey fails to show cause for his failure to include this issue on his direct appeal, therefore, the issue is now barred from review by this Court.

Ramsey's first opportunity to raise the claim of ineffective assistance of appellate counsel was on an Ohio App.R. 26(B) motion. App.R. 26(B)(1) requires such a motion to be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ramsey filed a delayed 26(B) motion. The court denied the motion, thereby finding Ramsey did not show good cause for filing beyond the ninety days.

This claim is procedurally defaulted because Ramsey did not file a timely App.R. 26(B). Because this claim is procedurally defaulted, it cannot be reviewed in a writ of habeas corpus unless Ramsey demonstrates cause and prejudice.

Ramsey argues that his lawyer's failure to notify him of the appellate court's decision is what caused his failure to meet the ninety-day filing deadline. However, Ramsey filed a notice

of appeal with the Ohio Supreme Court within ninety days after the appellate court's judgment. This shows that Ramsey knew of the appellate decision prior to the expiration of the filing deadline. Because Ramsey fails to show cause for his failure to timely file a motion to reopen the issue is now barred from review by this Court.

> **GROUND FOUR: The indictment omitted the essential element of the offense charged.**

Ohio Crim.R. 12(C)(2) requires that the defendant object to any defect in the indictment prior to trial. Failure to do so limits the defendant to plain error on appeal. *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, ¶ 46. Ramsey failed to object to the alleged error in the indictment prior to his plea of no contest. Because Ramsey failed to do so, this claim is procedurally defaulted and cannot be reviewed in a writ of habeas corpus unless Ramsey demonstrates cause and prejudice. Ramsey fails to show cause for his failure to timely object; therefore, this issue is now barred from review by this Court.

> **GROUND TWO: Petitioner was denied due process and equal protection under the 5th, 6th and 14th amend. To [sic] the United States Constitution where intentional racial discrimination occurred in the grand jury selection process.**
>
> **GROUND FIVE: Petitioner was denied Due Process of Law and Equal Protection where the state court of appeals failed to independently under plain error consider on the face of the record whether the trial court lack [sic] subject-matter jurisdiction to accept petitioner's "no contest plea" in violation of the 5th and 6th Amendment [sic] to the United States Constitution.**
>
> **GROUND SIX: Petitioner was denied his statutory and constitutional right to speedy trial in violation of the 6th and 14th Amendments to the United States Constitution where trial counsel failed to raise speedy trial claims.**
>
> **GROUND SEVEN: Petitioner's sentence is contrary to law in violation of the 5th, 6th and 14th Amendments to the United States Constitution.**

Ramsey's first opportunity to raise claims two, five, six and seven were on direct appeal with the Ninth District Court of Appeals. Because Ramsey failed to do so, these claims are

procedurally defaulted and cannot be reviewed in a writ of habeas corpus unless Ramsey demonstrates cause and prejudice.  Ramsey fails to show cause for his failure to include these issues on his direct appeal, therefore, the issues are now barred from review by this Court.

### III.     CONCLUSION

For the reasons set forth herein, the Court finds no merit to the objections raised by Ramsey.  Therefore, Ramsey's objections are OVERRULED.  The Court ADOPTS the Report and Recommendation of Magistrate Judge McHargh.  (Doc. 19).  The Petition for Habeas Corpus is DISMISSED.

Ramsey's motion for leave to file supplemental objections is GRANTED.  The supplemental objections do little other than attempt to expand on Ramsey's prior objections.  The objections do not assert any legal error by the Report with respect to its cause and prejudice analysis of Ramsey's procedurally defaulted claims.  Accordingly, the supplemental objections are also OVERRULED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: April 4, 2011                            */s/ John R. Adams*_____
                                               Judge John R. Adams
                                               UNITED STATES DISTRICT COURT